UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAL GILL TRUCKING INC., | Case No. 1:24-cv-00770-EPG |
| Plaintiff, | ORDER GRANTING DEFENDANT LANCASHIRE CARGO CONSORTIUM'S MOTION TO DISMISS |
| v. | |
| LANCASHIRE CARGO CONSORTIUM, | (ECF No. 7) |
| Defendant. | |

## I. INTRODUCTION

On July 2, 2024, Pal Gill Trucking, Inc., ("Pal Gill" or "Plaintiff") filed a complaint for breach of contract and breach of the implied covenant of good faith and fair dealing against Lancashire Cargo Consortium ("Lancashire" or "Defendant"), based on Lancashire's decision to deny insurance coverage for damage to Pal Gill's rented commercial trailer. ECF No. 1. On October 9, 2024, Defendant Lancashire Cargo Consortium filed a "Notice of Motion and Motion to Dismiss for Failure to State a Claim upon which Relief Can Be Granted Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure" arguing that "[Plaintiff's] complaint must be dismissed because Plaintiff 'rented' the trailer that is the subject of its claim, and the trailer was not scheduled in or insured by the subject policy of insurance." ECFs No. 7, 7-1 at 2. For the following reasons, the Court grants Defendant's motion to dismiss.[1]

\\\

---

[1] The parties have consented to Magistrate jurisdiction. ECFs No. 10, 11.

## II. BACKGROUND

### A. Plaintiff's Complaint

On July 2, 2024, Plaintiff filed this lawsuit against Defendant, alleging that Defendant's decision to deny insurance coverage for damage to Plaintiff's rented commercial trailer breached the parties' insurance contract (policy) and the implied covenant of good faith and fair dealing. ECF No. 1. The complaint specifically alleges that:

On March 3, 2022, Defendant issued a Physical Damage Insurance Policy No. LCC000055 to Plaintiff, with a period of March 3, 2022, to March 3, 2023. *Id.* at 2.[2] The insurance policy guaranteed that Defendant would "pay … for all risks of physical loss or damage to a **covered vehicle** and its **permanently installed equipment** occurring during the policy period." *Id.* at 13 (emphasis in original). The policy defines covered vehicle as "a **vehicle** licensed for road use specifically described in **ITEM TWO – SCHEDULE OF COVERED VEHICLES** of the Declarations for which a premium charge is paid or is otherwise described under **PART II – WHICH VEHICLES ARE COVERED VEHICLES**." *Id.* at 12 (emphasis in original).

"**PART II – WHICH VEHICLES ARE COVERED VEHICLES**" provides:

A. **Vehicles** specifically described in **ITEM TWO – SCHEDULE OF COVERED VEHICLES** of the Declarations for which a premium charge is paid.

B. Owned vehicles you acquire after the policy begins will be covered vehicles only under the following circumstances:

1) A vehicle you acquire to replace a covered vehicle will be covered vehicle for ten (10) calendar days after acquisition with the same coverage and limits in effect for the **covered vehicle** it replaced.

2) If **we** provide physical damage coverage for all **your** owned or leased **vehicles** and **you** acquire another **vehicle** which does not replace a **covered vehicle**, **we** will also provide coverage for that vehicle for ten (10) calendar days from the date **you** take delivery of the **vehicle**. Coverage limits for newly acquired **vehicles** during the ten (10) calendar day grace period will be based on the lowest limit of any **covered vehicle**. Premium for that **vehicle** mist be paid before any claim can be presented under this policy.

---

[2] The policy is incorporated in the complaint. *Id.* at 3.

      3) Coverage for newly acquired or replacement **vehicles** does not apply to any loss or damage to which other valid and collectible insurance applies.

*Id.* at 12 (emphasis in original).

In addition to coverage provided for owned vehicles, the policy also contains an Attached Non-Owned Trailer/Trailer Interchange Endorsement, which specifies that:

> [Defendant] will cover **your** liability to a non-owned **trailer** attached to a **covered vehicle**. The non-owned **trailer** will be considered a **covered vehicle** specifically described in **ITEM TWO – SCHEDULE OF COVERED VEHICLES** of the Declarations for which a premium charge is paid.
>
> Non-owned trailers include **trailers** under a trailer interchange agreements, and **trailers** that **you** do not own, lease or rent but are in **your** care, custody or control (not exceeding 90 days) that **you** have agreed to be responsible for, while in **your** possession and being used in your business.

*Id.* at 27 (emphasis in original).

The contract also contains a Vehicle Schedule, which, as explained during the hearing on this motion, sets forth three specific items or categories covered by the contract. ECF No. 1, at 42. The first is a specific covered vehicle: a 2015 Freightliner with VIN# 3AKJGLD55FSGM6066. The second is a covered trailer: a 2016 Utility with VIN# 1UYVS2534GU481213. The third is a category noted as "non-owned trailer," which refers to non-owned trailers described in the Non-Owned Trailer/Trailer Interchange Endorsement described above.

On January 1, 2023, Plaintiff was involved in a motor vehicle accident in Arizona, causing damage to its rented commercial trailer. *Id.* at 2. Plaintiff submitted a claim for damage to its trailer to Lancashire Cargo Consortium. *Id.* On April 11, 2023, Littleton Group, acting as a claims handling facility for Defendant, denied Plaintiff's claim for the physical damages to the trial because "investigation reveal[ed] that the 2020 Wabash Trailer is not scheduled on the policy and has been in [Plaintiff's] care, custody and control for more than 90 days." *Id.* at 2, 45.[3]

Within the complaint, Plaintiff states that it "rented the trailer at issue in this claim, a 2020 Wabash Trailer, VIN xx74661. Since the trailer was rented, the 90-day limit did not apply . . . ." ECF No. 1 at 4. The complaint also contains Plaintiff's conclusion that "[w]here the insured, as

---

[3] The denial letter is incorporated in the Complaint and attached as Exhibit B. ECF No. 1 at 4.

here, rents the non-owned trailer, that rental is an exception to the exclusion of coverage where the insured does not schedule the non-owned and not rented or leased within 90 days." *Id.* at 5.

### B. Defendant's Motion to Dismiss

On October 7, 2024, Defendant filed a "Notice of Motion and Motion to Dismiss for Failure to State a Claim upon which Relief Can Be Granted Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure." ECF No. 7. In its motion, Defendant argues that "[t]aking all facts alleged by Plaintiff to be true, its complaint must be dismissed because Plaintiff 'rented' the trailer that is the subject of its claim, and the trailer was not scheduled in or insured by the subject policy of insurance." ECF No. 7-1 at 2. Defendant also argues that:

> Plaintiff's own interpretation of the Non-Owned Trailer Endorsement, i.e., that the phrase 'trailers that you do not own, lease or rent' merely operates to exempt such trailers from the 90-day limitation, but is not otherwise relevant to whether a trailer fits within scope of coverage of the endorsement, is both an implausible interpretation of the text and nonsensical on its own terms. The unambiguous meaning of the Policy and endorsement is that any trailer, even a non-owned trailer, that is in the possession of the insured for longer than 90 days must be scheduled so that insurance premiums may be paid thereon. Likewise, it is unambiguous that a trailer that is rented is not a non-owned trailer for the purpose of the endorsement.

*Id.* at 5. Defendant adds that "[t]here is no specific term in the Policy whose meaning is disputed by the parties. Instead, Plaintiff's interpretation appears based on an erroneous reading of the syntax of the above-quoted paragraph of the Non-Owned Vehicle Endorsement." *Id.* Defendant concludes that "[i]n the absence of coverage, Plaintiff's first cause of action for breach fails, and Plaintiff's second cause of action for bad faith fails for the same reason." *Id.* at 5.

### C. Plaintiff's Opposition to Motion to Dismiss[4]

In its opposition, Plaintiff asserts that "[a]s Lancashire's own moving papers show, the complaint adequately pleads facts upon which relief can plausibly be given." ECF No. 15 at 2. Plaintiff also argues that Defendant makes "bare conclusions" in its moving papers; specifically, "that the subject vehicle is not covered, that the policy is not ambiguous and going so far as to deny facts presented in the complaint; that the policy states that unowned trailers attached to covered vehicles are covered." ECF No. 15 at 4. Plaintiff further argues that the policy is

---

[4] Plaintiff's opposition was filed on October 22, 2024. ECF No. 15.

ambiguous because it states (1) "unowned vehicles are covered, and then purports to take coverage away unless the unowned and not rented vehicle is scheduled" and (2) "the language of unowned and not rented clause provides that coverage is taken away from the unowned trailer if not scheduled in 90 days." *Id.*

### D. Defendant's Reply

Defendant replies that (1) "the interpretation of the unambiguous language of a contract is both appropriate and necessary in the context of a motion dismiss under Rule 12(b)(6) when the meaning of that language is an essential element of the claim" and (2) "[a]s applied to Plaintiff's factual allegations, the language of the policy and endorsement cannot plausibly support the existence of coverage, and Plaintiff therefore has not pleaded facts to support the elements of breach of contract and breach of the implied warranty of good faith and fair dealing." ECF No. 16 at 2.

## III. LEGAL STANDARD

### A. Motion to Dismiss

In considering a motion to dismiss, the Court must accept all factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. *See Ashcroft v Iqbal*, 556 U.S. 662, 679 (2009). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer*, 416 U.S. at 236 (1974).

The first step in testing the sufficiency of the complaint is to identify any conclusory allegations. *Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S.

at 555). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations and quotation marks omitted).

After assuming the veracity of all well-pleaded factual allegations, the second step is for the court to determine whether the complaint pleads "a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556) (rejecting the traditional 12(b)(6) standard set forth in *Conley*, 355 U.S. at 45-46). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The standard for plausibility is not akin to a "probability requirement," but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

The scope of review on a Rule 12(b)(6) motion to dismiss is ordinarily limited to the contents of the complaint. Fed. R. Civ. P. 12(d); *Van Buskirk v. Cable News Network*, 284 F.3d 977, 980 (9th Cir. 2002) ("Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss."). If a court considers evidence outside of the complaint when ruling on a Rule 12(b)(6) motion, "it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). However, exceptions exist for "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice," which a court may properly consider "without converting the motion to dismiss into a motion for summary judgment." *Id.* at 907-08 (citations omitted).

**B. Contractual Interpretation**

Under California law, the interpretation of an insurance policy is a question of law for the courts to determine. *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 18 (1995) ("When determining whether a particular policy provides a potential for coverage . . . , we are guided by the principle that interpretation of an insurance policy is a question of law.). The plain language of the insurance policy governs its interpretation. *See Bank of the W. v. Superior Ct.*, 2 Cal. 4th 1254, 1264-65, (1992) ("[T]he court must interpret the language in context, with regard to its intended function in the policy."). Similarly, "[t]o be enforceable, a coverage exclusion must be

6

'conspicuous, plain and clear.'" *Haynes v. Farmers Ins. Exch.*, 32 Cal. 4th 1198, 1216 (2004); *see also Ausmus v. Lexington Ins. Co.*, 414 F. App'x 76 (9th Cir. 2011) (affirming district court's grant of motion to dismiss because applicable exclusion was conspicuous and clear). The court must "look first to the language of the contract in order to ascertain its plain meaning or the meaning a layperson would ordinarily attach to it." *Waller*, 11 Cal. 4th at 18 (citation omitted).

A policy provision is ambiguous if it is "capable of two or more constructions, both of which are reasonable." *Id.* at 18. Courts should "not strain to create an ambiguity where none exists." *Id.* at 18-19.

There can be no cause of action for breach of contract where there is no potential for coverage under the insurance policy. *See Montrose Chemical Corp. v. Superior Ct.*, 6 Cal. 4th 287, 300 (1993). Likewise, there is no breach of implied covenant of good faith and fair dealing where there is no breach of contract. *Minich v. Allstate Ins. Co.*, 193 Cal. App. 4th 477, 493 (2011) ("Because there was no breach of contract, there was no breach of the implied covenant.").

## IV. ANALYSIS

Plaintiff's complaint claims that the damaged trailer is covered under the following provision of the policy, which is incorporated in the complaint: "[**w**]**e** will cover **your** liability to a non-owned **trailer** attached to a **covered vehicle**. The non-owned **trailer** will be considered a **covered vehicle** specifically described in **ITEM TWO – SCHEDULE OF COVERED VEHICLES** of the Declarations for which a premium charge is paid." *Id.* at 4 (emphasis in original). However, the next paragraph of the policy defines "non-owned trailers" as not including rented trailers:

> Non-owned trailers include **trailers** under a trailer interchange agreements, and **trailers** that **you** do not own, lease or rent but are in **your** care, custody or control (not exceeding 90 days) that you have agreed to be responsible for, while in **your** possession and being used in your business.

*Id.* at 27 (emphasis in original).

Plaintiff's complaint alleges that the trailer at issue was rented. *Id.* at 4. Specifically, the complaint states that Plaintiff "rented the trailer at issue in this claim, a 2020 Wabash Trailer, VIN xx74661." *Id.* at 4. It thus does not fall under the coverage for non-owned trailers under the plain terms of the contract.

7

Plaintiff concedes that the trailer is rented, and that the language of the policy excludes rented trailers. However, Plaintiff nevertheless argues that the policy is ambiguous, stating:

> The policy states unowned vehicles are covered, and then purports to take coverage away unless the unowned and not rented vehicle is scheduled. This alone exhibits ambiguity in the mere statement of the language in the policy itself. In addition, the language of unowned and not rented clause provides that coverage is taken away from the unowned trailer if not scheduled in 90 days and is not only ambiguous, as phrased it defies any one plausible interpretation, and it blatantly violates any reasonable expectation of the insured that a non-owned and rented trailer attached to a covered tractor would in fact be covered. That's why Gill bought insurance in the first place.

(ECF No. 15 at 4). To the best of the Court's understanding, Plaintiff's argument is that the exclusion for unscheduled rented trailers cannot be valid because otherwise the coverage for non-owned trailers would be meaningless.

In response, Defendant explains "[t]hat endorsement provides a grace period for those trailers that are towed behind the insured's cab for a period of less than 90 days, provided they are not owned, leased or rented." *Id.* The Court agrees that this interpretation reflects the plain language of the policy and is reasonable. The coverage for non-owned trailers still extends coverage to trailers under a trailer interchange agreement, and any other trailer that is not owned, leased or rented for up to 90 days. This would encompass trailers owned by anyone else, such as customers or friends. For example, if a customer wished Pal Gill Trucking to use Pall Gill Trucking's truck to transport the customer's goods by attaching the customer's own trailer to Pal Gill's truck, that trailer would be covered. While this is just an example, it shows that the exclusion for rented trailers does not completely nullify the coverage for non-owned trailers.

As to Plaintiff's other argument that the pending motion to dismiss should have been filed as a motion for summary judgment, Plaintiff does not provide case law to support this position. *See generally* ECF No. 15. Moreover, nothing in Defendant's Motion to Dismiss requires the Court to look outside the pleadings. Therefore, the Court concludes that evaluating the motion under a 12(b)(6) standard is proper.

Plaintiff also argues that the case turns on a question of fact, stating "Lancashire's argument is not as to the sufficiency of the factual allegations, but instead turns on interpretation of those facts." ECF No. 15 at 3. However, Plaintiff fails to point to any specific factual

dispute. Plaintiff concedes that the trailer is rented, which is the relevant fact for the determination of coverage. *See id.* at 4. Thus, Plaintiff has failed to show there is a factual dispute or that additional discovery is be needed to resolve this case.

Therefore, because a rented trailer is not entitled to coverage under the plain language of the Policy, Plaintiff's complaint fails to state a claim for breach of contract.

Defendant Lancashire is also correct that a bad faith claim (breach of the implied covenant claim) fails where there has been no breach of contract. ECF No. 7-1 at 5; *see Minich*, 193 Cal. App. 4th at 493. Therefore, Plaintiff's bad faith claim also fails.

Additionally, in such instance where the policy does not provide coverage, the proper course is dismissal of the claims. *Pappy's Barber Shops, Inc. v. Farmers Grp., Inc.*, 487 F. Supp. 3d 937, 945 (S.D. Cal. Sept. 11, 2020) ("Because the allegations in the complaint do not a state a claim for coverage under the Policy, Plaintiffs' claims for declaratory relief that there is coverage and for breach of contract must be dismissed."); *see generally, 10E, LLC v. Travelers Indem. Co.*, 483 F, Supp 828, 838 (C.D. Cal. Sept. 2, 2020) (dismissing unfair competition law claim based on allegation that an insurance policy provided coverage after concluding that the plaintiff was not entitled to coverage under the policy).

## V.    CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss [ECF No. 7] is **GRANTED**. Plaintiff's complaint is **DISMISSED with prejudice**.

The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated:   **March 3, 2025**                                   /s/ *Erica P. Grosjean*
                                                                                     UNITED STATES MAGISTRATE JUDGE