UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAL GILL TRUCKING INC., <br><br> Plaintiff, <br><br> v. <br><br> LANCASHIRE CARGO CONSORTIUM, <br><br> Defendant. | Case No. 1:24-cv-00770-EPG <br><br> ORDER RE: PLAINTIFF PAL GILL TRUCKING'S MOTION TO AMEND OR ALTER THE JUDGMENT <br><br> (ECF No. 22) |

## I. INTRODUCTION

On March 31, 2025, Pal Gill Trucking, Inc., ("Plaintiff") filed Plaintiff's Memorandum of Points and Authorities in Support of Motion to Amend or Alter Judgment under Rule 59 of the Federal Rules of Civil Procedure. (ECF No. 22). Plaintiff asks the Court to amend its judgment, which was entered on March 3, 2025 (ECF No. 20), after the Court granted Defendant Lancashire Cargo Consortium's Motion to Dismiss, dismissing Plaintiff's complaint with prejudice. (ECF No. 19).

Plaintiff's motion to amend or alter judgment is now before the Court. For the reasons stated below, the motion will be denied.[1]

## II. BACKGROUND

Plaintiff filed its complaint on July 2, 2024. (ECF No. 1). Plaintiff's complaint asserts claims for breach of insurance contract and bad faith breach of the duty of good faith and fair

---
[1] The parties have consented to Magistrate jurisdiction. (ECF Nos. 10, 11).

1

dealing in connection with Defendant's denial of a claim for damage to a rented trailer. (*Id.*).

On October 7, 2024, Defendant filed a "Notice of Motion and Motion to Dismiss for Failure to State a Claim upon which Relief Can Be Granted Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure." (ECF No. 7). Defendant argued that "[t]aking all facts alleged by Plaintiff to be true, its complaint must be dismissed because Plaintiff 'rented' the trailer that is the subject of its claim, and the trailer was not scheduled in or insured by the subject policy of insurance." (ECF No. 7-1 at 2).

On March 3, 2025, the Court granted Defendant Lancashire Cargo Consortium's motion to dismiss for failure to state a claim. (ECF Nos. 7, 7-1 at 2). After the Court issued its order, the Clerk of Court issued a judgment. (ECF No. 20).

On March 31, 2025, Plaintiff filed a motion to amend or alter the judgment entered in favor of Defendant under Federal Rule of Civil Procedure 59. (ECF No. 22 at 1). In its motion, Plaintiff argues that Defendant's interpretation of contract "flies in the face of any objectively reasonable expectation of an insured commercial trucker." (ECF No. 22 at 2).

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003) ("[a] Rule 59(e) motion should not be granted 'unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law'" (inner citation omitted)); *Pet Food Exp. Ltd. v. Royal Canin USA, Inc.*, No. C-09-1483-EMC, 2011 U.S. Dist. LEXIS 141281, at *4 (N.D. Cal. Dec. 8, 2011) ("While courts have generally not defined what constitutes 'clear error' under Rule 59(e), case law indicates that 'clear error should conform to a very exacting

standard'—e.g., a court should have 'a clear conviction of error.'") (citation and internal quotation marks omitted).

"A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original).

## IV.     ANALYSIS

As an initial matter, Plaintiff's motion does not present the Court with newly discovered evidence or an intervening change in the controlling law. Instead, Plaintiff argues that Defendant's interpretation of the contract is unreasonable. The Court thus looks to whether Plaintiff has established "clear error" in the Court's ruling.

Notably, Plaintiff does not point to any statement in the Court's ruling that it believes was clearly in error. For example, Plaintiff does not challenge any citation by the Court to facts asserted in the complaint and exhibits. Plaintiff does not argue that the Court misstated the terms of the contract. Plaintiff does not point to any language in the contract that the Court overlooked in its order. Nor does Plaintiff argue that the Court applied an erroneous legal standard, or miscited any legal authority.

Instead, Plaintiff presents arguments in support of its interpretation of the contract. *See, e.g.* ECF No. 22, at 3 ("As the philosopher Aristotle postulated 'opposite assertions cannot be true at the same time. . . . However, following the Philosopher, if a clause applies to rented as well as not rented, then the interpretation is overly expansive."). Such arguments do not establish clear error by the Court, and thus do not warrant amending the judgment under Rule 59(e). *See Kona Enterprises, Inc.*, 229 F.3d at 890 ("A Rule 59(e) motion may *not* be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in the litigation.") (emphasis in original).

\\\
\\\
\\\
\\\
\\\

**V.    CONCLUSION**

For the reasons stated above, Defendant's Motion to Amend or Alter Judgment [ECF No. 22] is **DENIED**.

IT IS SO ORDERED.

Dated:   **April 2, 2025**              /s/ Eric P. Grojean
                                        UNITED STATES MAGISTRATE JUDGE